EMPIRE ROLLER RINK CO. v. WESTERN UNION TELEGRAPH CO.

(Supreme Court, Equity Term, Erie County. February, 1912.)

1. TELEGRAPHS AND TELEPHONES (§ 39*)—ERROR IN TRANSMISSION OF MESSAGES—LIABILITY.

The face of a message delivered by a telegraph company showed that the sender had paid for a message containing 13 words, while the message as delivered contained only 12 words. The company offered no explanation as to why a word changing the meaning of the message was omitted, though the slightest care on its part would have discovered that some word was missing. *Held*, that the negligence of the company was gross, and it was liable for the loss sustained, notwithstanding restrictions printed on its blanks.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 30, 34; Dec. Dig. § 39.*]

2. TELEGRAPHS AND TELEPHONES (§ 39*)—ERROR IN TRANSMISSION OF MESSAGES—LIABILITY.

A telegraph company, receiving a message for transmission, addressed to an individual, followed by the words "Alhambra Rink," and referring to a telegram and letter just received, and stating: "Don't want Alhambra April twenty-sixth. Letter follows"—must reasonably anticipate that injury will be occasioned the occupants of the rink as the probable consequence of negligence in the transmission of the message by omission of the word "don't."

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 30, 34; Dec. Dig. § 39.*]

Action by the Empire Roller Rink Company against the Western Union Telegraph Company. On motion by defendant to set aside a verdict directed by the court for plaintiff. Denied.

Hughe Rourke, for the motion.
E. C. Randall, opposed.

BROWN, J. April 12, 1906, there was delivered to the defendant, at Tuskegee, Ala., a written prepaid message for transmission to Syracuse, N. Y., in words and figures as follows:

"Tuskegee, Ala., April 12, 1906.
"To Mr. J. A. Brown, Alhambra Rink, Syracuse, N. Y.: Telegram and letter just received. Don't want Alhambra April twenty-sixth. Letter follows.
Robert W. Taylor."

On the same day the defendant, at Syracuse, N. Y., delivered to J. A. Brown the said message reading:

"Received at 133 South Salina St. (Cor. R. R. St.) Syracuse. 452 am y J w u. 13 pd. 404 p. Tuskegee Ala. Apl. 12, 06. Mr. J. A. Brown Alhambra Rink Syracuse N. Y. Telegram and letter just recd want Alhambra April twenty-sixth letter follows. Robt W. Taylor."

The result of the omission of the word "don't" from the delivered message was $150 damage to the plaintiff. The verdict was directed upon the theory that such omission was gross negligence on the part of the defendant. Both parties having moved for a direction of a

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

verdi‿t, the question of fact was determined as stated. The correctness of such decision is challenged by the motion.

[1] It appeared from the face of the message as delivered that the sender had sent and paid for a message containing 13 words. The message as delivered contained only 12 words. The defendant, before delivering the message, had actual notice that one word had been omitted or lost in transmission. It was then called upon to take proper steps to ascertain the correctness of the message it was about to deliver. The missing word is a most important one, entirely changing the message from an affirmative statement that Taylor did not want the Alhambra Rink on the 26th of April to one that he did want it on that date. With no explanation whatever as to why the essential word was omitted, there can be no escape from the conclusion that its omission was either intentional or the result of a total want of any care at all. The slightest care on the part of the defendant would have discovered that some word was missing. No other conclusion could have been reached than that the negligence of the defendant was gross, from the liability for which it is not permitted to exempt itself by restrictions and conditions printed upon its sending and receiving blanks. Weld v. Postal, 199 N. Y. 98, 92 N. E. 415; Pearsall v. Western Union, 124 N. Y. 265, 26 N. E. 534, 21 Am. St. Rep. 662; Dixon v. Western Union, 3 App. Div. 61, 38 N. Y. Supp. 1056.

[2] It could have been reasonably anticipated by the defendant that injury would be occasioned the occupants of the Alhambra Rink, as the probable consequence of such negligence. From the telegrams quoted and the one sent by Brown to Taylor on the 4th of April, 1906, it clearly appears that Brown was not an undisclosed principal of the plaintiff; and it does appear that the plaintiff was the beneficiary of these messages.

Motion denied.